E-FILED
Monday, 17 May, 2021  01:02:10 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

TIMOTHY BELL,                          )
                                       )
                    Plaintiff,         )
v.                                     )          No.: 21-cv-4033-JBM
                                       )
EBONY BERRRY,                          )
                                       )
                    Defendant.         )

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, and detained at the Rushville Treatment and Detention Center, seeks leave to proceed *in forma pauperis*. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Plaintiff has filed a one-page *in forma pauperis* petition asserting that he does not own personal property, does not receive financial support from others and does not have a savings or checking account. [ECF 3]. Plaintiff makes no mention of funds in his trust account and has not attested to the petition under penalty of perjury.

On March 4, 2021, the Clerk noted that "Plaintiff's ledgers for the past six months show an average monthly income of $205.75. Plaintiff is ordered to send an institutional check or money order in the amount of $102.88…" Plaintiff disputes this, stating that he recently received an undisclosed amount in a stimulus check but does not have a regular source of income. He asks that the Court waive the initial filing fee. [ECF 6]. Under 28 USC Section 1915(h), the Court may allow a reduced payment procedure for indigent detainees such as Plaintiff who are not prisoners. In such cases, the Court will assess a partial filing fee of 50% of the plaintiff's average

monthly income in the preceding six months, as full payment of the $400 filing fee. The reduced fee may be waived in cases where the detainee demonstrates good cause. Plaintiff has failed to do so here, where he has not revealed the amount of the stimulus check he received or adequately explained why he was unable to pay the initial partial filing fee out of the proceeds. Plaintiff's request for waiver of the initial filing fee [6], is denied.

The Court now examines the sufficiency of the complaint as it must dismiss "at any time" if a plaintiff attempts to proceed *in forma pauperis* in an action which is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed *in forma pauperis* only if the complaint states a federal claim. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ANALYSIS

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. On an unidentified date, Plaintiff received approval to purchase unidentified goods from Walmart, to be delivered by mail. On December 25, 2020, Plaintiff lost privileges as the result of a confrontation with security staff. As a result, Plaintiff was reduced to a lower ranking behavioral status and informed that the he could not receive the goods due to the loss of privileges. Plaintiff filed a grievance, asserting that he had ordered and paid for the items prior to the diminishment in his behavioral status. An unknown individual or individuals at the facility indicated that, when the

packages arrived, Plaintiff's privileges had already been reduced and the packages were returned to sender.

Plaintiff asserts claims against "the Defendant." Plaintiff does not identify this individual by name but has identified Ebony Berry as the sole Defendant in this case. As a result, the allegations are construed against this individual. Plaintiff accuses Ms. Berry of lying as to the time the packages arrived at the facility. Plaintiff requests that criminal charges be asserted against Defendant Berry for mail fraud and concealment of mail. Plaintiff seeks to be compensated for the value of the goods returned and to be awarded punitive damages in the amount of $250,000.

As a private citizen, Plaintiff may not "pursue claims under federal criminal statutes." *Johnson v. Piontek*, 799 Fed. Appx. 418, 419 (7th Cir. 2020) (denying individual plaintiff right to assert criminal claims of mail tampering and destruction of records). In addition, there is no recognized private right of action to a claim of mail fraud. *See Bajorat v. Columbia-Breckenridge Dev. Corp.*, 944 F. Supp. 1371, 1377–78 (N.D. Ill. 1996)(collecting cases). If Plaintiff believes that Defendant Berry has wrongfully deprived him of personal property, his recourse is in the Illinois Court of Claims. *See Stewart v. McGinnis,* 5 F.3d 1031, 1035-36 (7th Cir. 1993). *See also*, *Wynn v. Southward*, 251 F.3d 588, 592-93 (7th Cir. 2001) (the deprivation or destruction of personal property, even if intentional, does not implicate interests protected by the Fourteenth Amendment).

**IT IS THEREFORE ORDERED:**

1)   Plaintiff's petition to proceed in forma pauperis [3] is DENIED. Plaintiff's motion for waiver of the initial filing fee [6], is also DENIED. Plaintiff remains liable for the initial filing fee assessed.

2)   Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile a Plaintiff cannot assert claims for the leveling of criminal charges under § 1983. This case is therefore closed.  The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

3)        If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.


 5/17/2021                                          s/Joe Billy McDade_____
ENTERED                                          JOE BILLY McDADE
                                                 UNITED STATES DISTRICT JUDGE